**UNITED STATES of America**

v.

**Lester PITTMAN, Appellant.**

No. 08–2985.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) April 20, 2009.

Filed: July 27, 2009.

Robert F. Kravetz, Esq., Office of United States Attorney, Wilmington, DE, for United States of America.

Luis A. Ortiz, Esq., Daniel I. Siegel, Esq., Office of Federal Public Defender, Wilmington, DE, for Appellant.

Before: SCIRICA, Chief Judge, SLOVITER and FISHER, Circuit Judges.

## OPINION OF THE COURT

SCIRICA, Chief Judge.

Defendant Lester Pittman was convicted of possession with intent to distribute more than fifty grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). He appeals the denial of his motion to suppress physical evidence obtained when the police frisked him during a lawful traffic stop. We will affirm.

## I.

On October 6, 2006, Police Detective Marzec was conducting surveillance of a residence where, according to a tip from a

confidential informant, Pittman was converting crack powder into crack cocaine for sale from the residence. During this surveillance, Detective Marzec observed Pittman engage in what he recognized to be a drug transaction with another individual. When Pittman left the residence in his vehicle, Detective Marzec followed him and observed him negotiate a turn without using a turn signal. He alerted Officer Esham, a local patrol officer, and Deputy Kurten, a K–9 handler. Officer Esham responded, and observed Pittman's vehicle cross the center divider line and travel above the posted speed limit. Officer Esham pulled Pittman over and approached the vehicle to explain the reason for the stop. Officer Esham noticed that Pittman's hands were shaking and his voice cracked while speaking.

Deputy Kurten then arrived, and was joined by Detective Marzec. Deputy Kurten advised Pittman that he would be conducting an exterior scan of the vehicle with the K–9 dog. Pittman asked to exit the vehicle during the scan. After Pittman left the vehicle, Deputy Kurten informed him that a patdown search for weapons would occur. Deputy Kurten had observed Pittman acting nervously by repeating questions, stalling, and looking around. He also observed a heavy weight in one of Pittman's exterior jacket pockets, and noticed that Pittman kept attempting to put his hand into his pocket. Deputy Kurten asked Pittman to keep his hands out of his pockets; Pittman reluctantly complied. Deputy Kurten then conducted a patdown search of Pittman. Feeling the heavy object in Pittman's pocket, he asked Pittman whether it was a knife. Pittman

did not respond, and attempted to put his hand back into his pocket. In response, Deputy Kurten ordered Pittman to place his hands on the vehicle, reached inside Pittman's jacket pocket, and scooped out a flashlight, a cigarette, and a baggie containing crack cocaine. Pittman was placed under arrest; a search incident to that arrest yielded a second baggie of crack cocaine. Pittman's vehicle was searched and two more baggies of crack cocaine and a digital scale were found.

Pittman was indicted on one count of possession with intent to distribute more than fifty grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). Pittman filed a pretrial motion to suppress the physical evidence obtained as a result of the patdown search. The District Court conducted a suppression hearing and subsequently denied the motion. A jury convicted Pittman, and the court sentenced him to 120 months of imprisonment and 60 months of supervised release. This appeal followed.[1]

## II.

On appeal, Pittman challenges the constitutionality of the patdown search conducted by Deputy Kurten during the traffic stop. "To justify a patdown of the driver or a passenger during a traffic stop, . . . the police must harbor reasonable suspicion that the person subjected to the frisk is armed and dangerous." *Arizona v. Johnson*, —— U.S. ——, 129 S.Ct. 781, 784, 172 L.Ed.2d 694 (2009). As the District Court found, "[Deputy Kurten's] uncontroverted testimony establishes that he observed a heavy object in defendant's jacket

---

1. The District Court had jurisdiction under 18 U.S.C. § 3231. We have appellate jurisdiction under 28 U.S.C. § 1291. "We review the denial of a suppression motion for clear error as to the underlying facts, but exercise plenary review as to its legality in light of the

district court's properly found facts." *United States v. Goodrich*, 450 F.3d 552, 557 n. 5 (3d Cir.2006) (citing *United States v. Givan*, 320 F.3d 452, 458 (3d Cir.2003)). Pittman does not challenge the District Court's factual findings.

pocket which, based on his experience, Kurten suspected was a knife. When ordered by Kurten to keep his hands out of his jacket pocket, defendant reluctantly obliged." We agree with the court that, "[c]onsidered together, these facts constitute reasonable suspicion for Kurten to conduct the protective pat down search for weapons."

Pittman contends, however, that "at [the] inception" of the frisk, Deputy Kurten lacked reasonable suspicion that Pittman was armed and dangerous, thereby rendering the frisk unconstitutional and the evidence gathered as a result of it inadmissible. *See Terry v. Ohio*, 392 U.S. 1, 19–20, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968) ("[I]n determining whether the seizure and search were 'unreasonable' [under the Fourth Amendment] our inquiry is a dual one—whether the officer's action was justified at its inception, and whether it was reasonably related in scope to the circumstances which justified the interference in the first place."). Pittman points to the testimony of Deputy Kurten at the suppression hearing: when asked by the prosecutor, "What happened after the defendant exited the vehicle?" Deputy Kurten replied, "[I a]dvised him he was going to be patted down for weapons, an officer safety issue." According to Pittman, Deputy Kurten's statement marked the inception of the frisk, and occurred prior to any of the facts and circumstances upon which the District Court's finding of "reasonable suspicion" were premised.

When read in full, Deputy Kurten's testimony does not make clear whether he made this comment to Pittman before he noticed the heavy object in Pittman's pocket, observed Pittman's repeated attempts to put his hand into his jacket pocket, and otherwise developed reasonable suspicion that Pittman may be armed and dangerous. Regardless, we disagree that Deputy Kurten's statement, whenever it did occur, marked the inception of the frisk for the purpose of assessing reasonable suspicion. Under *Terry*, we evaluate whether an officer had "reasonable suspicion" to conduct a frisk by looking to "whether the officer's *action* was justified at its inception." 392 U.S. at 20, 88 S.Ct. 1868 (emphasis added). We perform that assessment objectively, focusing on whether "the facts available to the officer *at the moment of the seizure or the search* 'warrant a man of reasonable caution in the belief' that the action taken was appropriate." *Id.* at 21–22, 88 S.Ct. 1868 (emphasis added). "[S]ubjective motive or intent is not relevant for *Terry* purposes." *United States v. Goodrich*, 450 F.3d 552, 559 (3d Cir.2006). As noted, Deputy Kurten frisked Pittman only after events giving rise to reasonable suspicion had occurred. Whether Deputy Kurten intended or was prepared to undertake the frisk in the absence of these events is not relevant, under *Terry*, to our objective assessment of whether the frisk was reasonable when performed. *Cf. Goodrich*, 450 F.3d at 563 n. 10 (noting that officers' testimony "that they would have stopped any vehicle within a several block radius" of the site of the reported criminal activity is not relevant to the court's objective assessment of whether the officers had reasonable suspicion to perform a *Terry* stop with respect to the defendant). As we believe Deputy Kurten's "action was justified at its inception," *Terry*, 392 U.S. at 20, 88 S.Ct. 1868, we find no constitutional violation in his patdown search of Pittman.

## III.

For the foregoing reasons, we will affirm the judgment of conviction and sentence.